# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Titus Jones,

    Plaintiff,

v.

Antoinette (Jones) Swank, et al.,

    Defendants.

Case No. 2:11-cv-797

Judge Graham

Magistrate Judge Kemp

## OPINION AND ORDER

Plaintiff Titus Jones brings this action *pro se* under 42 U.S.C. §§ 1983 and 1985 against various defendants. He alleges that defendants deprived him of his rights by falsely accusing him of not paying child support, which led to a criminal non-support charge being filed against him in state court. This matter is before the court for consideration of whether Jones has properly served three of the defendants, and on the motion of certain defendants to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.    Background**

The complaint contains few factual allegations. It alleges that Jones filed for a divorce from defendant Antionette (Jones) Swank in 1992. The complaint next alleges that Swank filed for a divorce in 1999 and that a court issued a child support order on January 5, 2001.

In addition to Swank, the other named defendants are the Franklin County Child Support Enforcement Agency and its agents Melissa Waterfield and Susan Brown (the "Franklin County defendants"), the Lucas County Child Support Enforcement Agency and the Lucas County Clerk of Courts, J. Bernie Quilter (the "Lucas County defendants"), the Ohio Department of Rehabilitation and Correction and its agent Gary C. Mohr (the "ODRC defendants"), and the Ohio State Highway Patrol.

The remainder of the complaint's allegations are difficult to decipher because they largely amount to legal conclusions. Even liberally construing the allegations, the best that can be surmised

from the complaint is that, at an unknown point in time, Jones was the subject of a criminal proceeding relating to the child support order. The proceeding was terminated in Jones's favor because, according to the complaint, the charges were not based upon probable cause. The complaint alleges some type of false arrest and false imprisonment associated with the criminal proceeding. The defendants allegedly conspired to bring about the criminal charges against Jones.

The complaint asserts causes of action under § 1983 and § 1985, as well as state law claims for malicious prosecution, abuse of process, conspiracy, and intentional infliction of emotional distress.

The Franklin County defendants, Lucas County defendants, and ODRC defendants have each moved to dismiss. They argue that the claims are barred by the applicable statute of limitations because the last event identified by date in the complaint is the 2001 child support order. In response, Jones has filed a document (doc. 18) that would serve to flesh out the factual allegations of the complaint. None of the defendants have objected to consideration of the new factual allegations. Because *pro se* filings are to be liberally construed, see Bridge v. Ocwen Federal Bank, FSB, 681 F.3d 355, 358 (6th Cir. 2012), and because the response is necessary to make sense of the complaint, the court will take the new allegations into account in resolving the motions to dismiss.

Jones alleges that around August 2009, the Franklin County defendants caused a criminal non-support proceeding to be initiated against him. Jones states that he was arrested in August 2009 but was released because he had not been given notice that the proceeding had been initiated. The proceeding was later dismissed when it was found that Jones had fully paid his child support obligations. Jones apparently had previously resided in Lucas County, and he contends that the Lucas County defendants supplied the Franklin County defendants with inaccurate information about his record of paying child support. Jones further alleges that Swank supplied the Franklin County defendants with false information about his payment of child support.

2

A review of the Franklin County Clerk of Courts website confirms that criminal charges were indeed filed against Jones on July 30, 2009 for an alleged failure to pay child support. See Case Number 09 CR 004571. Jones failed to appear for an August 12, 2009 arraignment and was arrested on August 28, 2009, then released on bond on August 31, 2009. The case was nolled on March 24, 2010, with an entry that Jones had paid the child support at issue. Since these facts are part of a public record, the court may take judicial notice of them in the context of resolving the pending Rule 12(b)(6) motions. See Passa v. City of Columbus, 123 Fed. App'x 694, 697-98 (6th Cir. 2005).

As to the ODRC defendants, Jones alleges that upon his arrest in August 2009, he was incarcerated and did not receive prompt medical attention when he began to experience flu-like symptoms in prison. As to defendant Ohio State Highway Patrol, Jones alleges the existence of some earlier arrest for non-support. Jones does not identify when the arrest took place, but alleges that an unnamed Highway Patrol officer used excessive force in arresting him, causing a hand injury to Jones.

## II.  Service of Process

When it appeared from the court's docket that Jones had not served the defendants with the complaint, the magistrate judge issued two orders calling the matter to Jones's attention and instructing him how to effect service under Rule 4 of the Federal Rules of Civil Procedure. The magistrate judge advised Jones that if he failed to effect service within fourteen days of the February 1, 2012 Order, the court would consider dismissing the case without prejudice.

Jones was then able to properly serve certain defendants, but his attempt to serve Swank was not successful. The summons was returned as unexecuted because the certified mail envelope was unclaimed after two attempts at delivery to the address provided by Jones. The magistrate judge, in a May 15, 2012 order, once again advised Jones that he had not perfected service on Swank and that his claims against her would be dismissed if he failed to promptly effect service. Jones responded only by

3

moving for default judgment against Swank. He has failed to demonstrate that he perfected service on Swank. Accordingly, Jones's motion for default judgment is denied and the claims against Swank are hereby dismissed without prejudice.

Jones has also failed to serve defendant Ohio State Highway Patrol. Despite being instructed by the magistrate judge how to effect service, Jones did not include the Highway Patrol among the defendants he made an attempt to serve by court summons in February 2012. Jones has not demonstrated that he has otherwise served the Highway Patrol, and thus his claims against this defendant are dismissed without prejudice.

The motion to dismiss of the Franklin County defendants argues that Jones has failed to properly serve Melissa Waterfield, to the extent he seeks to bring claims against her in her individual capacity. They argue that "a review of the signature card filed in the within matter reveals a signature which does not appear to be that of Melissa Waterfield." Doc. No. 12, at 2. Jones contests this basis for dismissal and argues that Waterfield was properly served.

The certified mail receipt filed with the court indicates that it was mailed to Ms. Waterfield at "80 E. Fulton St., Columbus, OH 43215." Doc. No. 8. This is the same address indicated on defendant Susan Brown's certified mail receipt. Id. These return receipts appear to bear the same signature. Id. The signature on Ms. Waterfield's card does not legibly state either the name "Melissa Waterfield" or any other name.

Service of process is required before a district court may exercise personal jurisdiction over a defendant. Under Fed. R. Civ. P. 12(b)(5), a district court may dismiss a case for insufficiency of service of process. Fed. R. Civ. P. 4 sets forth the requirements for sufficiency of process. Under Rule 4(e)(1), service may be effected on an individual pursuant to the law of the state where the district court is located. In Ohio, service may be made by certified or express mail "[e]videnced by return receipt signed

4

by any person." Ohio R. Civ. P. 4.1(A). Ohio does not require that service of process by certified mail be sent to an individual defendant's residence. See Elkins v. Summit County Ohio, No. 5:06-cv-3004, 2008 WL 622038, at *2 (N.D. Ohio March 5, 2008); Akron-Canton Regional Airport Authority v. Swinehart, 62 Ohio St.2d 403, 406, 406 N.E.2d 811, 814 (Ohio 1980). Rather, certified mail service may be made at an individual's business under Ohio Civil Rule 4.1(A) as long as such service meets due process requirements. Lindsey v. City of Cleveland, No. 1:04-cv-2239, 2007 WL 782172, at *7 (N.D. Ohio March 13, 2007) citing Swinehart; see also Bell v. Midwestern Educational Serv., Inc., 89 Ohio App.3d 193, 202, 624 N.E.2d 196, 202 (Ohio Ct. App. 1993) ("[T]he party being served must have such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served"). Further, service of process by certified mail may be obtained upon an individual defendant even when someone other than the defendant signs the certified mail receipt, again as long as due process requirements are met. Elkins, 2008 WL 622038 at *3; Castellano v. Kosydar, 42 Ohio St.2d 107, 110, 326 N.E.2d 686, 689 (Ohio 1975). Due process requires that service be made in a way that is "reasonably calculated, under all the circumstances, to apprise interested parties of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Although Jones ultimately bears the burden of establishing that service of process has been properly made, the court does not view the Franklin County defendants' bare argument on this issue as raising a sufficient challenge to the sufficiency of service of process on Ms. Waterfield. The Franklin County defendants have not presented an affidavit or any other evidentiary material asserting that Ms. Waterfield did not receive service or setting forth with specificity how the service of process in this case was not reasonably calculated, under the circumstances, to apprise her of the pendency of this action.

5

For example, there is no indication in the current record, assuming that the Fulton Street address is a business address, that Ms. Waterfield did not work there at the time of service nor is any other reason offered as to why service could not been reasonably anticipated to reach her at that address. It is possible that the person who signed for the certified mail delivery for both her and Ms. Brown was an employee authorized to accept service for them. For these reasons, based on the record as it currently stands, the Franklin County defendants' motion to dismiss will not be granted on this ground.

## III. Standard of Review

The Franklin County, Lucas County, and ODRC defendants have each moved to dismiss under Rule 12(b)6) of the Federal Rules of Civil Procedure. When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556

n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. Federal Claims

### A. Section 1983 Claims for Retaliation, Failure to Train, and False Arrest

The complaint asserts claims under § 1983 for retaliation against Jones's exercise of his First Amendment right to petition[1] and for failure to train or supervise public officials in the performance of their duties. And though not expressly alleged in the complaint, a § 1983 claim for false arrest or false

---

[1] Jones has not provided any information concerning how he exercised his right to petition.

imprisonment can be fairly inferred.

The Franklin County defendants and Lucas County defendants have both moved to dismiss these federal claims as barred by the applicable two-year statute of limitations. The court agrees. The statute of limitations for §1983 claims brought in Ohio is two years. LRL Properties v. Portage Metro Housing Auth., 55 F.3d 1097, 1105 (6th Cir. 1995); Rodriguez v. City of Cleveland, 439 Fed. App'x 433, 458 (6th Cir. 2011). Claims for retaliation and failure to train accrue when the plaintiff either knows or has reason to know of the injury that forms the basis of his claim. Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir. 1991). Claims for false arrest and false imprisonment under §1983 accrue at the time of the arrest or no later than the first judicial proceeding subsequent to arrest. Wallace v. Kato, 549 U.S. 384, 388-391 (2007); Fox v. DeSoto, 489 F.3d 227, 233 (6th Cir. 2007).

Even viewing the facts in a light most favorable to the plaintiff, the actionable conduct in which the Franklin County defendants and Lucas County defendants allegedly engaged occurred over two years before the complaint was filed on September 1, 2011. The alleged retaliation and failure to train relate to matters that culminated in a criminal non-support proceeding being filed on July 30, 2009. The Franklin County defendants are alleged to have helped initiate that proceeding, and the Lucas County defendants are alleged to have supplied the Franklin County defendants with inaccurate information about Jones's child support payments. Jones's own rendition of the facts makes clear that he had reason to know of his injury at the time it took place. He became aware of the non-support charge no later than the time of his arrest on August 28, 2009, and he states that he was already aware of the errors in the records of the Lucas County defendants and had made several attempts from 2000 to 2008 to have those records corrected.

Turning to the false arrest and false imprisonment claim, the accrual of this claim began at the time Jones was detained pursuant to the legal process. Wallace, 549 U.S. at 397. Jones was arrested on

August 28, 2009 and released on bond on August 31, 2009. Assuming that the date of Jones's release on bond was the date of his first judicial proceeding subsequent to arrest, the last possible date on which any claim for false arrest or false imprisonment accrued would be August 31, 2009. Thus, his claim is time-barred and the result would be no different even if the complaint were construed as raising a state law claim of false arrest or false imprisonment. See O.R.C. § 2305.11(A); Freeman v. City of Lyndhurst, No. 1:09-cv-2006, 2010 WL 908171, at *3 (N.D. Ohio March 12, 2010) (Ohio's statute of limitations for false arrest and false imprisonment is one year and the claim accrues on the date of the arrest).

The ODRC defendants have likewise moved to dismiss the § 1983 claims as time-barred. Jones alleges that he did not receive prompt medical care while he was incarcerated on charges of failure to pay child support. His incarceration ended on August 31, 2009. Because Jones waited over two years to file his complaint, his § 1983 claim against the ODRC defendants relating to his treatment in prison is time-barred.

**B.     Section 1983 Claim for Malicious Prosecution**

The complaint asserts a claim for malicious prosecution without labeling it as either a § 1983 claim or state law claim. The court will construe the complaint as asserting both types of malicious prosecution claims. The date of accrual for a plaintiff's malicious prosecution claim under § 1983 does not occur until the criminal proceedings against him are dismissed. See Fox, 489 F.3d at 235; see also Wallace, 549 U.S. at 393, Heck v. Humphrey, 512 U.S. 477 (1994). This delayed accrual arises from the nature of the malicious prosecution claim itself. That is, while a plaintiff may know of the injury before that time, he would be unable to establish a valid claim because one of the elements is that the criminal proceeding was resolved in the plaintiff's favor. See Heck, Sykes.

As noted above, the charges against Mr. Jones were nolled on March 24, 2010, making this the earliest date on which his malicious prosecution claim could have accrued. As a result, the malicious

9

prosecution claim under § 1983 was brought within the two-year statute of limitations.

In order to state a malicious prosecution claim under §1983, a plaintiff must demonstrate that (1) the defendant participated in the decision to prosecute the plaintiff, (2) probable cause did not support the institution of legal process, (3) the plaintiff suffered a Fourth Amendment deprivation of liberty in addition to the initial seizure as a result of the institution of proceedings, and (4) the legal proceedings resulted in the plaintiff's favor. Sykes v. Anderson, 625 F.3d 294, 308 (6th Cir. 2010).

The court finds that the complaint sufficiently states a claim against the Franklin County defendants and Lucas County defendants. A claim may be brought against a defendant who makes, participates in, or directly influences or aids the decision to prosecute. See Sykes, 625 F.3d at 308. Jones alleges that the non-support charge was filed upon the Franklin County defendants' finding that Jones was not paying child support. He further alleges that the Lucas County defendants supplied false information about his payment of support, knowing it would directly aid the decision to prosecute him.

The complaint, however, fails to state a claim against the ODRC defendants. Jones has not alleged that Mohr or the ORDC participated in or influenced in any way the decision to prosecute him. Given that Mohr is employed by the ODRC, it is not plausible that he was involved in the alleged malicious prosecution of Jones.

**C.    Sections 1983 and 1985 Conspiracy Claims**

A §1983 conspiracy claim must allege both a conspiracy and an actual deprivation of rights. Anderson v. County of Hamilton, 780 F.Supp.2d 635, 652 (S.D. Ohio 2011); Stone v. Holzberger, 807 F.Supp. 1325, 1340 (S.D. Ohio 1992) ("mere proof of conspiracy is insufficient to establish a section 1983 claim"). As the court construes the complaint, the malicious prosecution claim is the only viable basis for Jones's conspiracy claim. A §1983 conspiracy claim founded on malicious prosecution would have accrued when Jones knew or should have known of the alleged constitutional violation. Sevier v.

Turner, 742 F.2d 262, 273 (6th Cir. 1984). Because the malicious prosecution claim did not accrue until March 24, 2010, the claim of an alleged conspiracy to maliciously prosecute likewise did not accrue until that date. See Oakes v. Cooke, 858 F.Supp. 330, 336 (N.D.N.Y. 1994); Chandler v. Louisville Jefferson County Metro Government, No. 3:10-cv-470, 2011 WL 781183, at *4 (W.D. Ky. March 1, 2011). For these reasons, the motion to dismiss the § 1983 conspiracy claim on statute of limitations grounds will be denied as to the Franklin County defendants and Lucas County defendants.

Again, however, Jones has failed to state a claim against the ODRC defendants. The allegations do not support a plausible inference that the ODRC defendants conspired with the other defendants to maliciously prosecute Jones.

The complaint also fails to plead a viable conspiracy claim under § 1985. Although Jones cites to §1985(3), he does not set forth any allegations of racial or class-based animus as required to state a claim under that section.

### D.   Summary

Accordingly, the §§ 1983 and 1985 claims will be dismissed except as to the claims against the Franklin County defendants and Lucas County defendants for § 1983 malicious prosecution and § 1983 conspiracy to maliciously prosecute.

## V.   State Law Claims

The complaint asserts state law claims for malicious prosecution, abuse of process, conspiracy, and intentional infliction of emotional distress. The defendants argue that these claims are time-barred.

Malicious prosecution claims are subject under Ohio law to a one-year statute of limitations and accrue when the criminal proceedings terminate in favor of the accused. O.R.C. § 2305.11(A); Froehlich v. Ohio Dept. of Mental Health, 114 Ohio St.3d 286, 290-291, 871 N.E.2d 1159, 1163-64 (Ohio 2007). Because Jones did not file this suit until over 17 months after the child support proceeding ended in his

11

favor, his state law claim for malicious prosecution is time-barred.

The statute of limitations for an abuse of process claim is four years and accrues upon the date of the allegedly tortious conduct. See O.R.C. § 2305.09; Mansour v. Croushore, 194 Ohio App.3d 819, 823, 958 N.E.2d 580, 583 (Ohio Ct. App. 2011). The limitations periods for conspiracy and intentional infliction of emotional distress derive from the nature of the underlying claim. See Cramer v. Fairfield Med. Ctr., 182 Ohio App.3d 653, 667 914 N.E.2d 447, 458 (Ohio Ct. App. 2009); Lee v. Lucas, No. 1:10-cv-151, 2011 WL 5361509, at *4 (N.D. Ohio October 31, 2011). Construing Jones's conspiracy and intentional infliction of emotional distress claims broadly in his favor, the court finds that they are based at least in part on his abuse of process claim. Because the statute of limitations for an abuse of process claim is four years, the court will apply a four-year statute of limitations to these claims as well.

The claims for abuse of process, conspiracy, and intentional infliction of emotional distress are based upon events that occurred in July and August of 2009. Because Jones filed suit in September 2011, his claims are not time-barred. The Franklin County defendants and Lucas County defendants have stated no further grounds for dismissing these claims, and thus their motions to dismiss are denied.

The ODRC defendants have further moved for dismissal of the state law claims on grounds of Eleventh Amendment immunity. The complaint names as defendants the ODRC and Gary Mohr in his official and individual capacities. The complaint appears to seek both monetary and injunctive relief on these claims.

The ODRC is an arm of the State of Ohio and is immune from suit in a federal court under the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984); Turker v. Ohio Dept. of Rehabilitation and Correction, 157 F.3d 453, 45-57 (6th Cir.1998). Claims seeking monetary damages against Mohr in his official capacity are likewise claims against the State of Ohio and are defeated by Eleventh Amendment immunity. See Pennhurst, 465 U.S. at 100-01;

Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 521 (6th Cir. 2007). The Eleventh Amendment also bars suits for injunctive relief to enjoin state officials from violating state law. See Pennhurst, 465 U.S. at 100-01.

With respect to state law claims asserted against Mohr in his individual capacity, no such claims may be maintained against state officials unless it has been determined that those officials acted manifestly outside the scope of their employment. See O.R.C. § 9.86. That determination cannot be made by a federal court but is reserved to the Ohio Court of Claims under O.R.C. § 2743.02(F). See Haynes v. Marshall, 887 F.2d 700, 705 (6th Cir.1989); Nuovo v. The Ohio State University, 726 F.Supp.2d 829, 848 (S.D. Ohio 2010).

Jones has presented no evidence that the Ohio Court of Claims has determined that Mohr is not entitled to immunity for any state law claims. Thus, the ODRC's motion to dismiss the state law claims will be granted.

**VI.   Conclusion**

The claims against defendants Swank and the Highway Patrol are dismissed without prejudice for failure to effect service.

The motions to dismiss of the Franklin County defendants and Lucas County defendants (docs. 9 and 12) are granted in part and denied in part. The motions are granted as to the following: the § 1983 claims for retaliation, failure to train, and false arrest/false imprisonment; § 1985 conspiracy claim; and state law malicious prosecution claim. The motions are denied as to the following: § 1983 claims for malicious prosecution and conspiracy to maliciously prosecute; and state law claims for abuse of process, conspiracy, and intentional infliction of emotional distress.

The motion to dismiss of the ODRC defendants (doc. 10) is granted in its entirety.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: September 18, 2012