IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Titus Jones,

        Plaintiff,

v.

Antoinette (Jones) Swank, et al.,

        Defendants.

Case No. 2:11-cv-797

Judge Graham

Magistrate Judge Kemp

OPINION AND ORDER

Plaintiff Titus Jones brings this action *pro se* under 42 U.S.C. § 1983 for malicious prosecution and for conspiracy to maliciously prosecute. The defendants in this action are: the Lucas County Child Support Enforcement Agency and the Lucas County Clerk of Court, J. Bernie Quilter (the "Lucas County defendants"); and the Franklin County Child Support Enforcement Agency and its agents Melissa Waterfield and Susan Brown (the "Franklin County defendants"). Jones alleges that defendants deprived him of his rights by influencing a decision made by the Franklin County prosecutor to prosecute him for not paying child support.

This matter is before the court on the motion of the Lucas County defendants for judgment on the pleadings. For the reasons stated below, the motion is granted.

**I.    Background**

The complaint asserted numerous claims against multiple defendants. Each of the defendants moved to dismiss under Fed. R. Civ. P. 12(b) on various grounds, including insufficient service of process and failure to state a claim. The court's August 19, 2012 Opinion and Order dismissed all but the Lucas County defendants and the Franklin County defendants and dismissed all but the following claims against them: § 1983 claims for malicious prosecution and conspiracy to

1

maliciously prosecute; and state law claims for abuse of process, conspiracy, and intentional infliction of emotional distress.

As noted in the August 19, 2012 Opinion and Order, the complaint contains few factual allegations and is difficult to decipher. Having liberally construed the complaint and allowed Jones to amend the complaint with a later submission (doc. 18), the court found that the claims now remaining all related to the charges brought against Jones for failure to pay child support. The complaint alleges that Jones was divorced in 1999 and that a court issued a child support order in 2001. Jones further alleges that around August 2009, the Franklin County defendants caused a criminal non-support proceeding to be initiated against him. Jones states that he was arrested in August 2009 but was released because he had not been given notice that the proceeding had been initiated. The proceeding was later dismissed when it was found that Jones had fully paid his child support obligations. Jones apparently had previously resided in Lucas County, and he contends that the Lucas County defendants conspired with the Franklin County defendants to have him maliciously prosecuted. He further contends that the Lucas County defendants failed to fully disclose information in their possession about Jones; had they done so, he alleges, the non-support proceeding would not have been initiated.

As explained in the August 19, 2012 Opinion and Order, a review of the Franklin County Clerk of Court's website confirms that criminal charges were filed against Jones on July 30, 2009 for an alleged failure to pay child support. See Case Number 09 CR 004571. Jones failed to appear for an August 12, 2009 arraignment and was arrested on August 28, 2009, then released on bond on August 31, 2009. The case was nolled on March 24, 2010, with an entry that Jones had paid the child support at issue. Since these facts are part of a public record, the court may take judicial notice

of them in the context of resolving a Rule 12 motion. See Passa v. City of Columbus, 123 Fed. App'x 694, 697-98 (6th Cir. 2005).

At the motion to dismiss stage, the Lucas County defendants' arguments were limited to statute of limitations grounds. The court rejected those arguments as they related to the § 1983 claims for malicious prosecution and conspiracy to maliciously prosecute, and to the state law claims for abuse of process, conspiracy, and intentional infliction of emotional distress. The Lucas County defendants now move for judgment on the pleadings, arguing that the complaint does not sufficiently allege either an official capacity or individual capacity cause of action under § 1983 and that defendants are immune from liability in relation to the state law claims.

Jones has filed an opposition brief to the motion for judgment on the pleadings. His opposition brief does not squarely address the Lucas County defendants' legal arguments. Rather, Jones states that he had requested records from the Lucas County defendants. It is unclear what records Jones is referring to, but they presumably relate to the divorce and child support order. Jones contends that if the defendants had given him the records, he would not have been wrongfully prosecuted.

## II. Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957). The standard applied to motions for judgment on the pleadings is the same standard applicable to motions to dismiss under Rule 12(b)(6). See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion

3

may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. Id. (citing Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A "'legal conclusion couched as a factual allegation'" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

### III. Discussion

#### A. Section 1983 Claims

##### 1. Official Capacity

Under § 1983, an individual may bring a private right of action against anyone who, under color of state law, deprives a person of rights, privileges, or immunities secured by the Constitution or federal statutes. See King v. Taylor, 694 F.3d 650, 661 (6th Cir. 2012). The complaint brings suit against the Lucas County Child Support Enforcement Agency and against the Lucas County Clerk of Court, J. Bernie Quilter, in both his official and individual capacities.

4

Local governmental entities, like the Lucas County Child Support Enforcement Agency and the Lucas County Clerk of Court, cannot be held liable under § 1983 based on respondeat superior; rather, "liability only attaches where a custom, policy, or practice attributable to the [county] was the 'moving force' behind the violation of the plaintiff's constitutional rights." Heyerman v. Cnty. of Calhoun, 680 F.3d 642, 647-48 (6th Cir. 2012) (citation omitted). A plaintiff must allege the existence of an official policy or custom and allege that the policy or custom caused the deprivation of his rights. Id.; Monell v. Dept. of Social Servs., 436 U.S. 658 (1978).

With respect to the malicious prosecution claim, the defendants correctly argue that the complaint contains no allegation of an official custom or policy. Jones does not dispute this argument in his opposition brief. The complaint alleges only that the Clerk of Court "chose a derelict of duty in not giving request[ed] information" and that the Clerk decided "to withhold the records." Compl., ¶¶ 5, 31. The complaint does not allege any specific factual circumstances surrounding Jones's request for records or the Clerk's alleged refusal to provide records, and nowhere has Jones alleged that defendants were following an official custom or policy in connection with their alleged refusal to provide Jones with records. The court thus finds that the complaint fails to state a § 1983 claim for malicious prosecution against the Lucas County Child Support Enforcement Agency and the Lucas County Clerk of Court in his official capacity.

The court reaches the same conclusion with respect to the conspiracy claim. Jones has made only a conclusory assertion that the defendants conspired with defendant Waterfield to "omit the reports." Doc. 18 at 2. The complaint is devoid of any additional factual allegations about the nature of the conspiracy and fails to support a plausible inference that a custom or policy existed in connection with the alleged conspiracy.

### 2. Individual Capacity

The complaint also fails to state a § 1983 claim against the Clerk in his individual capacity. In order to state a malicious prosecution claim under § 1983, a plaintiff must demonstrate that (1) the defendant participated in the decision to prosecute the plaintiff, (2) probable cause did not support the institution of legal process, (3) the plaintiff suffered a Fourth Amendment deprivation of liberty in addition to the initial seizure as a result of the institution of proceedings, and (4) the legal proceedings resulted in the plaintiff's favor. Sykes v. Anderson, 625 F.3d 294, 308 (6th Cir. 2010).

As to the first element of participation, the court provisionally noted at the motion to dismiss stage that the complaint could be liberally construed to allege that the Lucas County defendants supplied inaccurate or incomplete information to the Franklin County defendants or the Franklin County prosecutor. A claim may be brought against a defendant who makes, participates in, or directly influences or aids the decision to prosecute. See Sykes, 625 F.3d at 308.

Jones now concedes in his opposition that the conduct for which he sued the Clerk is the Clerk's alleged refusal to provide *him* with records. See doc. 28 at 1 (alleging that defendant withheld records that Jones had requested), at 4 ("Plaintiff requested from the clerk a copy of the record in [their] custody and control[.] . . . [The] record was not given."), at 5 (alleging that defendant had "not given the requested records to the plaintiff"). Jones contends that had the Clerk provided him with the records, Jones in turn would have used that information to dispel or defend himself against the conclusion or determination made by the Franklin County defendants and Franklin County prosecutor that he had violated the child support order. Jones's concession establishes that the Lucas County defendants did not make, participate in, or directly influence or aid the decision to

prosecute.  See Sykes, 625 F.3d at 308 n.5 (conduct must be more than passive in order to constitute participation).

Even if the court were to put aside Jones's concession and construe the complaint as alleging that the Clerk supplied inaccurate or incomplete information to the Franklin County defendants or prosecutor, the claim would still fail.  The provision of information constitutes participation in the decision to prosecute and is actionable when: (1) the defendant intentionally stated a falsehood, or showed reckless disregard for the truth, and (2) the allegedly false or omitted information was material to the finding of probable cause used to support the institution of legal process.  Sykes, 625 F.3d at 312.  Again, the complaint contains no specific factual allegations about the records or information that the Clerk allegedly supplied to the Franklin County defendants or prosecutor.[1]  The court thus finds that the complaint does not contain allegations from which a plausible inference could be made that the Clerk made a false statement to the Franklin County defendants or Franklin County prosecutor.  Moreover, the complaint contains no allegations that the Clerk acted with the requisite intent or reckless disregard for the truth.

The complaint is similarly deficient as to the conspiracy claim against the Clerk in his individual capacity.  A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action."  Hooks v. Hooks, 771 F.2d 935, 943–44 (6th Cir. 1985).  Such

---

[1]  Jones states in one of his filings that the Clerk incorrectly reported the year of his divorce to the Franklin County defendants.  See doc. 18 at 2.  But Jones makes no further allegations that the Clerk made this misstatement with an intent to deceive or that it was material to the prosecutor's finding of probable cause that Jones had violated the child support order.

In the same filing, Jones states that the Lucas County Child Support Enforcement Agency has records reflecting his history of making child support payments, which were automatically withheld from his wages.  See doc. 18 at 2-3.  This allegation is not made against the Clerk, but even if it were, Jones does not allege that the Clerk made intentionally false representations to the Franklin County defendants or prosecutor about his history of making child support payments.

claims must be pled with a degree of specificity; vague and conclusory allegations are not sufficient. Spadafore v. Gardner, 330 F.3d 849, 854 (6th Cir. 2003). The complaint merely makes a speculative and conclusory allegation that the defendants conspired with defendant Waterfield. This is insufficient to support a § 1983 claim for conspiracy against the Clerk.

### B. State Law Claims

The complaint asserts claims for abuse of process, conspiracy, and intentional infliction of emotional distress. These claims arise from the same set of facts alleged in the malicious prosecution claim. Liberally construed, the complaint alleges that defendants' failure to provide records resulted in the Franklin County prosecutor initiating a criminal proceeding against Jones. That legal proceeding was then allegedly abused, which inflicted emotional distress upon Jones.

The Lucas County defendants argue that they are immune from liability in their official and individual capacities. Jones offers no opposition to this argument. Under Ohio law, a political subdivision is shielded from civil liability for the acts or omissions of the political subdivision or its employees that are related to a governmental function. See O.R.C. § 2744.02(A)(1); Sudnik v. Crimi, 117 Ohio App.3d 394, 398-99, 690 N.E.2d 925, 922-28 (Ohio Ct. App. 1997). An employee of a political subdivision is immune in his individual capacity for acts or omissions that take place within the scope of his employment. See O.R.C. § 2744.03(A)(6); Blankenship v. Enright, 67 Ohio App.3d 303, 312-13, 586 N.E.2d 1176, 1181-82 (Ohio Ct. App. 1990).

The alleged acts and omissions of the Lucas County defendants relate to their response (or non-response) to Jones's records requests. The only plausible inference to be drawn from the allegations is that these were records that defendants had in their custody and kept in the normal course of business in connection with Jones's divorce proceedings and the child support order. The

conduct for which Jones seeks to hold defendants liable thus relates directly to the exercise of their governmental function.

None of the statutory exceptions to immunity apply here. The exceptions to political subdivision immunity are narrow and plainly do not apply. See O.R.C. § 2744.02(B)(1)-(5) (negligent operation of motor vehicle; negligent failure to repair public roads; physical defect in public building). With respect to the exceptions to immunity for an employee in his individual capacity, the only one which potentially applies is for acts or omissions committed "with malicious purpose, in bad faith, or in a wanton or reckless manner." O.R.C. § 2744.03(A)(6)(b). The complaint contains general allegations that the conduct of all named defendants was "extreme," "malicious," and motivated by "evil." Compl., ¶¶ 15, 30, 35. However, in relation to the Clerk in particular, the complaint alleges only that he failed to provide Jones with the requested records. There are no further allegations to support a plausible inference that the Clerk acted with malice or bad faith, or in a wanton or reckless manner. See Beckett v. Ford, 613 F.Supp.2d 970, 984 (N.D. Ohio 2009) (mere negligence does not satisfy the exception of § 2744.03(A)(6)(b)).

### IV. Conclusion

Accordingly, the motion of the Lucas County defendants for judgment on the pleadings (doc. 24) is granted in its entirety. Defendants' motion for an extension of time to file a reply brief (doc. 29) is granted.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: April 18, 2013