IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Titus Jones,

        Plaintiff,

  v.

Antoinette (Jones) Swank, et al.,

        Defendants.

Case No. 2:11-cv-797

Judge Graham

OPINION AND ORDER

Plaintiff Titus Jones brings this civil rights action *pro se* under 42 U.S.C. § 1983 for malicious prosecution and for conspiracy to maliciously prosecute. The remaining defendants are the Franklin County Child Support Enforcement Agency, Susan Brown and Melissa Waterfield (the "Franklin County defendants"). Brown is the director of the Agency and, during the time at issue, Waterfield was an attorney representing the Agency. Jones asserts that the Franklin County defendants deprived him of his constitutional rights by influencing or participating in a decision to prosecute him for failure to pay child support.

This matter is before the court on the Franklin County defendants' motion for summary judgment. For the reasons stated below, the motion is granted.

**I.    Background**

The complaint asserted numerous claims against multiple defendants. The court has dismissed the claims against all of the defendants except the Franklin County defendants, leaving claims against them under § 1983 for malicious prosecution and conspiracy to maliciously prosecute and state law claims for abuse of process, conspiracy and intentional infliction of emotional distress. See Sept. 18, 2012 Opinion and Order; Apr. 18, 2013 Opinion and Order.

The remaining claims are related to the criminal indictment brought against Jones in the Franklin County Court of Common Pleas for failure to pay child support under Ohio Revised Code § 2919.21.  Jones was divorced in Lucas County in 1993 and ordered by the Lucas County Court of Common Pleas to pay child support for three minor children born in 1983, 1985 and 1988.  Pl.'s Mem. Opp'n, Ex. B.  The child support obligation for each child terminated when that child turned 18 years of age.  Id.

On July 30, 2009, a Franklin County grand jury indicted Jones on one count of failure to pay his child support obligation from January 12, 2004 to January 12, 2006 with respect to the child born in January 1988.  See. Defs.' Mot. Summ. J., Ex. A.  Jones failed to appear on August 12, 2009 for his arraignment, was arrested on August 28, 2009 and released on bond on August 31, 2009.  See State v. Jones, No. 09CR 07 4571 (Franklin Cnty. Ct. C.P.).  The case was dismissed on March 24, 2010 *nolle prosequi* because Jones paid the child support at issue.  Id.

As previous orders have noted, the complaint contains many legal conclusions but few factual allegations, making it difficult for the court to determine the basis of Jones's claims.  The complaint contains no factual allegations regarding Brown.  As to the Agency, the complaint alleges that it failed to supervise and control the conduct of Waterfield.  And as to Waterfield, the complaint alleges that she breached a "duty to ascertain the truth of the information" supplied to her about Jones before referring his case to the county prosecutor.  Compl., p. 6, ¶ 24.  The complaint alleges that Waterfield knew or should have known that there was not probable cause to support the charge against Jones.

It is unclear from the complaint what information allegedly supplied to Waterfield (or supplied by Waterfield to the prosecutor) was false or incomplete.  The complaint alleges that Waterfield failed "to learn whether [ex-wife Antoinette Swank] was ordered to give companionship to the father by the Lucas County Court and whether there was an affair with cousins."  Compl., p.

2

6, ¶ 22.  It not apparent what relevance those matters had to the non-support indictment.  The complaint also alleges that Waterfield knew that Jones was in arrearage on his child support obligations.  Compl., p. 9, ¶ b.  This allegation seems to undercut the assertion that there was not probable cause to support the indictment, as well as the assertion that Waterfield knew that probable cause did not exist.

In their motion for summary judgment, the Franklin County defendants argue that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law.  They argue that the § 1983 malicious prosecution and conspiracy claims must fail because the grand jury's indictment of Jones is *prima facie* evidence of probable cause to prosecute.  They further argue that they are immune from liability for the state law claims under Ohio's political subdivision immunity statute, O.R.C. § 2744.02.

In response to the motion for summary judgment, Jones alleges that defendants knew that information given to the grand jury was false and that they breached their duties to investigate.[1]  He contends that the arrearage for which he was indicted pertained to his adult children for whom his child support obligation had been terminated under the court's judgment entry of divorce in Lucas County.  Additionally, Jones alleges that the notice of indictment was deliberately sent to an out-of-date address so that he would not receive the notice, thereby leading to his arrest for failure to appear at the arraignment.  Jones contends that the 4 days he spent imprisoned are the damages, including emotional distress, he suffered as a result of defendants' wrongdoing.

## II.     Standard of Review

A motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) should not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the burden of

---

[1] Jones's factual allegations in his response brief are unsworn and not supported by any evidence.

3

proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005).  If the nonmoving party is unable to establish an essential element of its case, there is no genuine dispute as to any material fact; lack of an essential element necessarily renders all other facts immaterial. See Celotex Corp., 477 U.S. at 323.

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also Longaberger Co. v. Kolt, 586 F.3d 459, 465 (6th Cir. 2009). A dispute about a material fact is *genuine* only if based on evidence upon which a reasonable jury could find for the nonmovant. See Anderson, 477 U.S. at 248; Niemi v. NHK Spring Co., Ltd., 543 F.3d 294, 298 (6th Cir. 2008). A fact is deemed material if it could affect the outcome of the suit under governing law. Anderson, 477 U.S. at 248.  Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Phillip Morris Cos., Inc., 8 F.3d 335, 340 (6th Cir. 1993).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 702 (6th Cir. 2008); Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).  Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. The facts presented must be weighed in the light most favorable to the nonmovant and all reasonable inferences must be considered in its favor. Am. Exp.

4

Travel Related Servs. Co., Inc. v. Kentucky, 641 F.3d 685, 688 (6th Cir. 2011); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to withstand summary judgment.  Anderson, 477 U.S. at 252; Srouder v. Dana Light Axle Mfg., LLC, 725 F.3d 608, 613 (6th Cir. 2013).

**III.    Discussion**

      **A.    Section 1983 Claims**

           **1.    Official Capacity**

Under 42 U.S.C. § 1983, any person "under color of any statute, ordinance, regulation, custom, or usage" of a state that subjects another person to "the deprivation of any rights, privileges, or immunities" guaranteed by the Constitution and laws, shall be held liable to the party injured. Jones brings suit against the Franklin County Child Support Enforcement Agency and its agents Susan Brown and Melissa Waterfield in their official and individual capacities.

A suit against an individual in their official capacity is treated as a suit against the entity itself. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). A governmental entity may be held liable under § 1983 "only when the entity itself is a 'moving force' behind the deprivation."  Id. (quoting Polk County v. Dodson, 454 U.S. 312, 326, (1981)).  Thus, the entity's "'policy or custom' must have played a part in the violation of federal law."  Id. (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)).

With respect to the malicious prosecution claim, Jones has not demonstrated the existence of a policy or custom of the Agency that was a moving force behind the institution of the grand jury proceeding.  Rather, Jones alleges only that in his case the defendants supplied false or incomplete information to the grand jury.  This allegation does not link the alleged wrongdoing to an official policy or custom of the Agency as required by Monell.

Jones argues that Brown, as director, was the final authority and alleges that she made a decision to fabricate evidence presented to the grand jury. Municipal liability may lie "for a single decision by municipal policy makers" under limited circumstances. Pembaur v. Cincinnati, 475 U.S. 469, 483 (1986). "A single decision can constitute a policy, if that decision is made by an official who 'possesses final authority to establish municipal policy with respect to the action ordered,' which means that his decisions are 'final and unreviewable and are not constrained by the official policies of superior officials.'" Flagg v. City of Detroit, 715 F.3d 165, 174-75 (6th Cir. 2013) (quoting Pembaur, 475 U.S. at 480–81, and Miller v. Calhoun Cnty., 408 F.3d 803, 814 (6th Cir. 2005)). However, the court finds that Jones's allegation regarding Brown is unavailing. Not only was no such allegation made in the complaint, but Jones has failed to produce any evidence of a decision or directive by Brown to fabricate the evidence that was presented to the grand jury.

The § 1983 claim for conspiracy to maliciously prosecute is also deficient. Jones alleges that the Franklin County defendants conspired with Lucas County officials and his ex-wife to provide false information to the grand jury. These allegations are speculative and Jones has failed to put forth any evidence from which a jury could find that the defendants, pursuant to a policy or custom, conspired to maliciously prosecute him.

## 2. Individual Capacity

In order to succeed on a § 1983 claim of malicious prosecution, the plaintiff must establish that (1) the defendant participated in the decision to prosecute the plaintiff; (2) probable cause did not support the institution of legal process; (3) the plaintiff suffered a deprivation of liberty in addition to the initial seizure as a result of the legal proceeding; and (4) the legal proceeding terminated in the plaintiff's favor. See Sykes v. Anderson, 625 F.3d 294, 308-09 (6th Cir. 2010).

Jones has failed to establish that the criminal non-support proceeding was instituted without probable cause. "Ordinarily, the existence of an indictment would preclude a malicious prosecution

6

claim." Young v. Owens, __ Fed. App'x __, 2014 WL 3973789, at *5 (6th Cir. Aug. 15, 2014) (citing Barnes v. Wright, 449 F.3d 709, 716 (6th Cir. 2006); Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir. 2002)).  In order to overcome the presumption of probable cause that a grand jury indictment carries, a plaintiff must demonstrate that the return of the indictment was the result of false testimony or some other significant irregularity.  See Young, 2014 WL 3973789, at *5; Harris v. U.S., 422 F.3d 322, 327 (6th Cir. 2005); Hinchman v. Moore, 312 F.3d 198, 202–03 (6th Cir. 2002).

Jones makes conclusory allegations that defendants fabricated evidence and failed to disclose material information to the prosecutor or grand jury.  In his response to the motion for summary judgment, Jones fails to present any evidence supporting his allegations.  The only potential irregularity identified by Jones is his allegation that the arrearage was for his adult children, for whom his child support obligation had been terminated.  But this allegation is contradicted by the face of the indictment.  The indictment charged Jones with failing to make child support payments for a period of two years leading up to his youngest child's eighteenth birthday.  Though the child became an adult by the time Jones was indicted, the charged violation concerned payments that were due while the child was a minor.  See O.R.C. § 2919.21 (non-support of dependents).  The court thus finds that Jones has failed to demonstrate that the non-support proceeding was instituted without probable cause and finds that he cannot sustain his § 1983 claim of malicious prosecution.

The individual capacity claim for conspiracy to maliciously prosecute likewise fails.  A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action."  Hooks v. Hooks, 771 F.2d 935, 943-44 (6th Cir. 1985).  In order to succeed on a civil conspiracy claim, the plaintiff must put forth evidence that the defendants acted in concert under a single plan.  Spadafore v. Gardner, 330 F.3d 849, 854 (6th Cir. 2003).  Jones has not provided any evidence that would support a finding that Waterfield and Jones acted in concert with Lucas County officials or his ex-wife to maliciously prosecute him.

7

B.   State Law Claims

Jones also brings claims for abuse of process, conspiracy and intentional infliction of emotional distress. These claims arise from the same set of facts alleged regarding the malicious prosecution claim.

Defendants correctly argue that they are immune from liability as to the state law claims. Ohio law shields a political subdivision from civil liability for the acts or omissions of the political subdivision and its employees in connection with a governmental function. O.R.C. § 2744.02(A)(1); Sudnik v. Crimi, 117 Ohio App.3d 394, 398-99, 690 N.E.2d 925, 922-28 (Ohio Ct. App. 1997). The definition of a "political subdivision" includes a county and its agencies. O.R.C. § 2744.01(F). In Ohio, "[e]ach county shall have a child support enforcement agency." O.R.C. § 3125.10; see also Walker v. Jefferson Cnty., No. 02JE14, 2003 WL 21505472, at **4-5 (Ohio Ct. App. June 25, 2003) (applying immunity under § 2744.02(A)(1) to a county child support enforcement agency). An employee of a political subdivision is immune in his individual capacity for acts or omissions that take place within the scope of his employment. O.R.C. § 2744.03(A)(6); Blankenship v. Enright, 67 Ohio App.3d 303, 312-13, 586 N.E.2d 1176, 1181-82 (Ohio Ct. App. 1990).

The allegations against the defendants relate directly to the performance of a governmental function. Under Ohio law, "[e]ach child support enforcement agency shall be responsible in the county it serves for the enforcement of support orders and shall perform all administrative duties related to the enforcement of any support order." O.R.C. § 3125.11. Among the means by which an agency enforces a support order is to "refer a case to the county prosecutor for possible criminal non-support action under section 2919.21 of the Revised Code." O.A.C. § 5101:12-50-50(C)(9).

None of the statutory exceptions to immunity apply here. The exceptions to political subdivision immunity are narrow and plainly do not apply. See O.R.C. § 2744.02(B)(1)-(5) (negligent operation of motor vehicle; negligent failure to repair public roads; physical defect in public

8

building). With respect to the exceptions to immunity for an employee in his individual capacity, the only one which potentially applies is for acts or omissions committed "with malicious purpose, in bad faith, or in a wanton or reckless manner." O.R.C. § 2744.03(A)(6)(b). The complaint contains general allegations that the conduct of defendants was "extreme," "malicious," and motivated by "evil." Compl., ¶¶ 15, 30, 35. However, Jones has not submitted any evidence in support of his allegations, and the court thus finds that defendants are entitled to immunity under O.R.C. § 2744 against the state law claims.

## IV. Conclusion

Accordingly, the Franklin County defendants' motion for summary judgment (doc. 35) is granted. The Clerk of Court shall enter final judgment.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: September 15, 2014